SEATTLE–FIRST NATIONAL BANK, A
National Banking Association,
Plaintiff–Appellee,

v.

Clinton MANGES, Helen Ruth Manges,
Duval County Ranch Company and
Man–Gas Transmission Company, Defendants–Appellants.

No. 89–5631
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 18, 1990.

David D. Towler, Law Offices of Royal D. Adams, P.C., San Antonio, Tex., for defendants-appellants.

J. Patrick Deely, Kevin M. Warburton, McCamish, Martin, Brown & Loeffler, San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, WILLIAMS and DUHÉ, Circuit Judges.

CLARK, Chief Judge:

Defendants Clinton Manges, Helen Ruth Manges and their corporations Duval County Ranch Company ("DCRC") and Man-Gas Transmission Company ("Man-Gas") (collectively the "Manges defendants") appeal three orders by the district court relating to the enforcement of its judgment against them and in favor of plaintiff Seattle-First National Bank (Seattle-First). We dismiss in part and, in part, affirm and remand for further proceedings.

I

On August 19, 1988, after protracted litigation, the parties submitted to the district court their Agreed Motion for Approval and Entry of Final Judgment. The judgment provided that Seattle-First would recover $55,361,545.72 from the Manges defendants, and approved as valid, reasonable and in force the parties' "Stipulation and Agreement Concerning Judgment, Stay of Execution, Foreclosure of Liens, and Satisfaction of Judgment and Other Obligations Owed to Seattle-First National Bank (the 'stipulation')." The stipulation provided among other things that the defendants would pay Seattle-First $30,000,000 on August 10, 1989. The stipulation also contained the following choice of venue provision:

> The Manges Defendants agree that the jurisdiction and venue of any suit, hearing, or legal action of any nature, to which Seattle-First National Bank is a party, one effect of which could be to halt, enjoin, impair, or hinder the enforcement of this Agreement, or the enforcement or collection of the Final Judgment, shall be in the United States District Court for the Western District of Texas, San Antonio Division.

The Manges defendants defaulted on the $30,000,000 payment. Seattle-First then obtained an order from the district court directing the United States Marshal to seize and sell the defendants' property that secured the debt. On August 14, 1989 DCRC filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. At that time, counsel for the other Manges defendants stated that they also were ready and willing to file petitions in Corpus Christi. In response, Seattle-First filed a motion for a temporary restraining order and a preliminary injunction against the Manges defendants. Granting the TRO, the district court, among other things:

(1) restrained the Manges and Man-Gas from initiating any proceedings in any forum other than the Western District of Texas, San Antonio Division, the effect of which could be to halt, enjoin, impair, hinder, or stay the enforcement of the stipulation and related orders or of the final judgment;

(2) restrained the Manges and Man-Gas specifically from filing for relief under the Bankruptcy Code in any forum other than the Bankruptcy Court for the Western District of Texas, San Antonio Division;

(3) ordered Seattle-First to post $10,000 bond;

(4) ordered the Manges and Man-Gas to appear before a magistrate to show cause why a preliminary injunction should not be granted enjoining them from filing any proceedings the effect of which could be to halt, enjoin, impair, hinder, or stay the enforcement of the stipulation or the judgment in any forum other than the Western District of Texas, San Antonio Division; and

(5) ordered DCRC to appear before a magistrate to show cause why the district court should not order it to obtain a transfer to San Antonio of its bankruptcy proceedings.

Magistrate Primomo held the preliminary injunction hearings and recommended that the district court grant a preliminary injunction.

The district court then issued a series of three orders. The first, dated September 21, 1989, adopted the magistrate's findings and recommendation and "ordered that [Seattle–First's] motion for preliminary injunction be granted and the Court's Temporary Restraining Order of August 17, 1989, remain in effect." The order did not contain the reasons for granting the injunction nor did it detail the prohibited conduct. The order did specifically restrain DCRC from filing in any forum other than in San Antonio should its bankruptcy petition be dismissed in Corpus Christi. The second order, dated September 29, 1989, ordered DCRC "to seek transfer of its pending bankruptcy action to the Western District of Texas within ten days." The final order, signed October 18, 1989, denied various motions by the Manges defendants to clarify or amend the previous two orders, stating that the previous orders "need not be altered or amended to comply with Federal Rule of Civil Procedure 65." The court stated that it was forced to issue the injunction to protect its judgment and to summarily enforce the settlement agreement and venue provision previously agreed to by the parties. The court refused to make further findings, asserting that the magistrate's findings were sufficiently clear for the defendants to act upon.

Involuntary petitions were filed on October 2, 1989 against Man–Gas and Clinton Manges in Corpus Christi. The involuntary petition against Clinton Manges was converted to a voluntary petition on March 14, 1990.

## II

The Manges defendants contend in this court that the district court violated the automatic stay provision of 11 U.S.C. § 362 by ordering DCRC to seek transfer of its bankruptcy proceedings to the Western District of Texas. They further contend that Seattle–First failed to establish any of the elements requisite to the granting of a preliminary injunction. Finally, the defendants argue that the orders of the district court fail to meet the specificity requirements of Federal Rule of Civil Procedure 65(d).

## III

### A

■■■ We take judicial notice of the fact that on October 16, 1989 DCRC complied with the district court's order to seek transfer of its bankruptcy proceedings to the Western District of Texas by filing a motion to transfer in the bankruptcy court. The bankruptcy court denied the transfer on February 12, 1990 after holding two hearings on the matter. Because DCHC has complied with the district court's discrete, mandatory order, the defendants' appeal as to the order that DCRC must file for transfer is moot.

■■■ The appeal as to the other defendants is not moot. Clinton Manges has converted his petition to a voluntary one. This action may be in violation of the terms of the injunction, a matter we need not resolve on this appeal. It is enough that a genuine issue exists to keep the appeal from being moot. Man–Gas, although presently the debtor in proceedings brought by involuntary petition, could also seek to convert the proceeding to a voluntary one if it were not restrained. The injunction inhibits Helen Manges from filing a voluntary petition in another forum. Finally, DCRC is restrained from initiating proceedings other than its current voluntary bankruptcy petition. Therefore, the appeal is not moot as to DCRC on issues other than the order requiring it to file to transfer its bankruptcy proceedings to the Western District of Texas.

### B

The preliminary injunction under review as to all of the Manges defendants is not presented in the typical posture. The defendants have been found liable for a certain amount of damages plus interest until paid, and that judgment is not appealed. The primary issue is whether the district court abused its discretion in granting a preliminary injunction to enforce the negotiated choice of venue provision contained

in the stipulation it had expressly approved in the judgment. The district court determined on the basis of the magistrate's findings and recommendation and the record that Seattle–First had proved its case for a preliminary injunction.

To obtain a preliminary injunction, the plaintiff must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threat of harm to the plaintiff if the injunction is denied outweighs the harm to the defendant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *Allied Mktg. Group, Inc. v. CDL Mkgt., Inc.*, 878 F.2d 806 (5th Cir. 1989).

■■■■ Seattle–First would likely succeed on the merits. The Manges defendants here do not directly dispute that the venue selection clause includes bankruptcy proceedings. They argue that it is for the bankruptcy court in the Southern District, not the district court for the Western District, to decide the issue. We disagree. The meaning of the clause was before the district court and it correctly construed it to unambiguously require the defendants to file bankruptcy proceedings in San Antonio. Thus, the question is whether the clause is valid and enforceable.

■■■■ As the magistrate observed, a forum selection clause is prima facie valid and should be enforced unless the resisting party shows that enforcement would be unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). The enforcement of such a clause would be unreasonable if the clause is invalid for fraud or overreaching, or if forcing the resisting party to proceed in the chosen forum would be so difficult for that party that it would effectively deprive it of its day in court. *Id.* at 15, 92 S.Ct. at 1916. The Manges defendants have adduced no evidence that Seattle–First engaged in fraud or overreaching in negotiating the clause or that its enforcement would deprive them of their day in court. Moreover, an affiliate of the defendants, South Texas Sports, Inc., is involved in bankruptcy proceedings in the Western District of Texas. Venue is proper in any district where an affiliate of the debtor is involved in bankruptcy proceedings. 28 U.S.C. 1408(2). Thus, venue can be properly laid in the Western District of Texas. Even if that were not the case, the Manges defendants waived venue in the Southern District by agreeing to the venue selection clause. *See Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1068 (5th Cir.1986) (bankruptcy venue provisions may be waived).

The magistrate found that DCRC had already violated the clause and, based on the representations of counsel, that the other defendants were ready to violate it. Seattle–First demonstrated a substantial likelihood of success on the merits.

Seattle–First has also met the three other elements necessary for a preliminary injunction. As the defendants either were or were about to become involved in bankruptcy proceedings, Seattle–First had little realistic chance of obtaining damages for the breach of the stipulation. It had no adequate remedy at law and thus established the existence of a substantial threat of irreparable harm. Moreover, granting the injunction would not have caused the defendants harm. As the magistrate observed, the injunction would simply force them to do what they had already agreed to do. Finally, forcing the Manges defendants to litigate in the Western District of Texas rather than in the Southern does not disserve the public; indeed, unlike, for example, a public nuisance case, no aspect of this litigation could effect interests other than those of the parties. Seattle–First made a sufficient showing for the district court to grant a preliminary injunction.

■■■ The Manges defendants also complain that the district court's orders did not comport with the requirements of Federal Rule of Civil Procedure 65(d). We agree. Rule 65(d) requires that the order itself shall [1] "set forth the reasons for its issuance; [2] shall be specific in terms; [3] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be re-

strained." Fed.R.Civ.P. 65(d). The September 21, 1989 order adopted the magistrate's findings and recommendation and without further elaboration granted the preliminary injunction and ordered that the TRO remain in effect. The order fails to state the reasons for its issuance, is not specific in its terms and refers to the magistrate's report and the TRO. "[The] no-reference requirement [of Rule 65(d)] has been strictly construed in this circuit," *Fed. Trade Comm'n v. Southwest Sunsites, Inc.*, 665 F.2d 711, 723 (5th Cir.1982), to require that the parties be able " 'to interpret the injunction from the four corners of the order' as required by Rule 65(d)." *Id.* at 724 (quoting *Sanders v. Airline Pilots Ass'n International*, 473 F.2d 244, 247 (2d Cir.1972)). Thus, although reference to the magistrate's findings and recommendation and to the TRO clearly would give the Manges defendants specific guidance as to the prohibited behavior, the order fails to comply with Rule 65(d).

 The October 18, 1989 order does not cure the deficiencies. The court stated in the order that it had been forced to issue the injunction to protect its judgment and summarily enforce a settlement agreement and on the basis of the magistrate's findings did not have to amend the previous order to comply with Rule 65(d). Further incorporating the magistrate's report, this order also fails to comply with Rule 65(d). We agree that a district court has inherent power to enforce and protect its judgments and to summarily enforce settlement agreements. However, if the court chooses to issue an injunction to advance these purposes, the injunction must turn square corners as required by Rule 65(d).

The third order appealed from, signed September 29, 1989, applies only to DCRC's voluntary bankruptcy petition. The appeal as to that order is moot.

## IV

 The district court did not abuse its discretion when it issued the September 21, 1989 preliminary injunction restraining the Manges defendants from filing any action, including bankruptcy actions, the effect of which could be to halt, enjoin, impair, hinder, or stay the enforcement of the stipulation or judgment, in a forum other than the Western District of Texas, San Antonio Division. The court in that order also correctly restrained DCRC from filing in any forum other than the San Antonio Division of the Western District should its bankruptcy petition be dismissed by the Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. We affirm the adjudication that it was proper to issue an injunction. The only problem is that the orders issued to accomplish this failed to comply with Rule 65(d). This is more than a hypertechnical requirement. It is an important procedural safeguard that must not be ignored. On remand, the district court is directed to reform the injunction to comply with Rule 65(d). Until then, the injunction shall continue in force according to its interpretation in this opinion. To the extent DCRC's appeal is based on the September 29, 1989 order to file for transfer of its bankruptcy proceedings, the appeal is dismissed as moot.

DISMISSED in part, and, in part, AFFIRMED and REMANDED for further proceedings not inconsistent with this opinion.