**In re FLORIDA PRECAST CONCRETE, INC., Debtor.**

**FLORIDA PRECAST CONCRETE, INC., Plaintiff,**

v.

**CITY OF ORLANDO, Defendant.**

**Bankruptcy No. 89–832–8P1.**
**Adv. No. 91–390.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 31, 1992.

Scott A. Stichter, Tampa, Fla., for debtor, plaintiff.

Leslie King O'Neal, Orlando, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 reorganization case in which Florida Precast Concrete (Debtor) has filed a Complaint to enjoin The City of Orlando (City) from proceeding in a state court suit filed by the City for damages arising from the Debtor's alleged breach of warranties in the manufacture and installation of precast concrete products provided by the Debtor to the City under a contract between the parties for the construction of the Orlando Arena. The matter under consideration is a Motion for Summary Judgment filed by the City contending that there are no genuine issues of material fact and that the City is entitled to judgment as a matter of law.

The facts which are relevant to the matter under consideration are without dispute and are as follows. The Debtor is a Florida corporation, now operating its business under the protection of a Chapter 11 con-

**38**

firmed plan, and is involved in the manufacture and installation of precast concrete construction products. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 8, 1989, and the Debtor's amended Plan of Reorganization was confirmed by an Order of this Court on October 13, 1989.

On April 19, 1991, the City filed a Complaint in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, seeking to recover what appears to be breach of warranty damages. The contract between the Debtor and the City which is the subject of this dispute provides that any litigation between the parties shall be in Orange County, Florida. It is the contention of the City that the damages which the City seeks to recover in the state court action either were not apparent until or arose after a prior adversary proceeding involving the Debtor and the City, which resulted in an award in the amount of $751,797.00 to the Debtor based on damages incurred by the Debtor in connection with its contract with the City. The award to the Debtor was offset by an award to the City in the amount of $43,666.67 for damages incurred by the City. (Adv.Pro. 89–247).

After the City filed its action in the Orange County Circuit Court, the Debtor filed the Complaint which initiated this adversary proceeding seeking to enjoin the City from proceeding against the Debtor in the Orange County Circuit Court. The City contends in its Answer that the Bankruptcy Court does not have the power to issue an injunction against a proceeding initiated against the Debtor by the City in state court because this Court maintains concurrent jurisdiction with the state court to determine whether the Debtor is obligated to pay damages based on a breach of warranty dispute arising under an executory contract assumed by the Debtor pursuant to § 365 of the Bankruptcy Code.

The City filed a Motion for Summary Judgment based in part on the contention that § 524 of the Bankruptcy Code does not preclude the City from suing in a state court for damages based on post-petition construction defects. Summary Judgment is appropriate when there are no genuine issues of material fact, and when one party is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56, as adopted by Bankruptcy Rule 7056. The parties agree that there are no genuine issues of material fact involved in this adversary proceeding, and this Court finds that the City is entitled to judgment in its favor as a matter of law for the following reasons.

■ Section 1141 of the Bankruptcy Code provides in pertinent part that an Order of Confirmation discharges the Debtor from any debt that arose before the date of confirmation. 11 U.S.C. § 1141(d)(1)(A). The issue in this case is whether the Debtor's debt to the City based on breach of warranty claim arose before or after confirmation of the Debtor's Chapter 11 Plan. This Court does not have the exclusive jurisdiction to make that determination, and is satisfied that the Circuit Court of Orange County is the appropriate venue for this matter.

■ The jurisdiction of the District Court, and therefore the Bankruptcy Court, is original but not exclusive for all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). In *In re Baldwin–United Corp.*, 770 F.2d 328 (2d Cir.1985), the court held that the mere existence of a parallel lawsuit in a state court that seeks to adjudicate the same *in personam* cause of action as that in the bankruptcy court does not *per se* provide sufficient grounds to enjoin the state action in favor of the pending federal action. Further, it is clear that a forum selection clause agreed upon by parties is *prima facie* valid and should be enforced unless the resisting party shows that enforcement would be unreasonable. *Seattle—First National Bank v. Manges*, 900 F.2d 795 (5th Cir.1990).

■ This Court finds that although it is empowered to hear and decide the breach of warranty action between the Debtor and the City, the jurisdiction of this Court is not exclusive, and this Court is satisfied that it is inappropriate in this case to enjoin the City from proceeding in the Circuit Court

of Orange County. This Court is also satisfied that it is appropriate for the City and the Debtor to abide by the forum selection clause voluntarily entered into between the parties. Thus, the Orange County court system is an appropriate venue for the breach of warranty dispute between the City and the Debtor.

In sum, this Court is satisfied that there are no genuine issues of material fact in this adversary proceeding, and that the Defendant City of Orlando is entitled to summary judgment in its favor as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment is granted and the Debtor's Complaint for Injunctive Relief is dismissed.

DONE AND ORDERED.